**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KIM GREAVES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-02828-RWS |
| BANK OF AMERICA, N.A.; | : | |
| COUNTRYWIDE HOME | : | |
| LOANS, INC.; PENDERGAST & | : | |
| ASSOCIATES P.C.; BARRETT | : | |
| DAFFIN FRAPPIER LEVINE & | : | |
| BLOCK, LLP; REAL TIME | : | |
| SOLUTION; and MORTGAGE | : | |
| ELECTRONIC REGISTRATION | : | |
| SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants Bank of America, N.A.

("BOA"), Countrywide Home Loans, Inc. ("Countrywide") and Mortgage

Electronic Registration Systems, Inc.'s ("MERS") (collectively referred to as

the "Bank Defendants") Motion to Dismiss [4] and Defendant Barrett Daffin

Frappier Levine & Block, LLP's ("Barrett Daffin") Motion to Dismiss [12].

After reviewing the record, the Court enters the following Order.

## Background[1]

This case arises out of Plaintiff Kim Greaves's ("Plaintiff") attempt to halt the imminent non-judicial foreclosure sale of real property owned by her, located at 6960 Dockbridge Way, Stone Mountain, Georgia 30087 (the "Property").  (Compl., Dkt. [1-1] ¶ 15.)  Plaintiff executed a promissory note (the "Note") in favor of Defendant Countrywide.  (Id. ¶ 22.)  To secure repayment under the Note, Plaintiff executed a security deed (the "Security Deed") naming Defendant MERS "solely as nominee for Countrywide . . . and [Countrywide]'s successors and assigns."  (Id. ¶¶ 15, 18.)  Defendant MERS later assigned (the "Assignment") the Security Deed to Defendant BOA.  (Id. ¶¶ 25, 74.)

Plaintiff originally filed this suit in Superior Court of DeKalb County, Georgia on July 13, 2012, challenging Defendants' right to foreclose on the Property and alleging the following causes of action: (1) "set aside the foreclosure attempt" (Count I) (id. ¶¶ 21-27); (2) attempted wrongful foreclosure (Count II) (id. ¶¶ 28-38); (3) "breach of covenant or agreement"

---

[1] This case is before the Court on two motions to dismiss.  Therefore, the Court accepts as true the facts alleged by Plaintiff in the Complaint.  Cooper v. Pate, 378 U.S. 546, 546 (1964).

AO 72A
(Rev.8/82)

(Count III) (id. ¶¶ 39-46); (4) "negligent servicing" (Count IV) (id. ¶¶ 47-53);

and (5) fraud (Count V) (id. ¶¶ 54-73).  Plaintiff also appears to assert claims

for compensatory damages, punitive damages, and attorney's fees and costs in a

separate section entitled "Allegations, Violations, Claims and Fraud."  (Id.

¶ 74.)  On August 15, 2012, Bank Defendants removed this case from the

Superior Court of DeKalb County to the Northern District of Georgia pursuant

to 28 U.S.C. §§ 1332, 1441, and 1446.  (Notice of Removal, Dkt. [1] at 1.)

Subsequently, Bank Defendants (Dkt. [4]) and Defendant Barrett Daffin (Dkt.

[12]) filed motions to dismiss for failure to state a claim upon which relief can

be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Those

motions are currently before the Court.

## Discussion

## I.    Legal Standard for a Motion to Dismiss

When considering a motion to dismiss under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, a federal court is to accept as true "all facts set forth

in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228,

1231 (11th Cir. 2000) (citation omitted).  The court must also draw all

3

reasonable inferences in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires factual allegations to "raise the right to relief above the speculative level."  Id. at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  Id.

4

However, because Plaintiff is acting <u>pro se</u>, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tennenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.     Bank Defendants' Motion to Dismiss [4]

As a threshold matter, the Court notes that the Complaint (Dkt. [1-1]) is comprised primarily of legal conclusions and contains few factual assertions. It is somewhat difficult for the Court to identify the causes of action asserted by Plaintiff. Defendants argue that the entire Complaint should be dismissed for failure to comply with the basic pleading requirements of Rule 8, <u>Twombly</u>, and <u>Iqbal</u>. However, in light of Plaintiff's <u>pro se</u> status, the Court will consider the merits of Plaintiff's claims.

### A.     <u>Set Aside the Foreclosure Attempt (Count I)</u>

In Count I, Plaintiff asks the Court to "set aside the foreclosure attempt." (Compl., (Dkt. [1-1]) ¶ 27.) It appears that Plaintiff is challenging Bank Defendants' right to foreclose on the Property. (<u>Id.</u> ¶¶ 25-27.) Bank

5

Defendants move to dismiss this claim on the grounds that no foreclosure sale has occurred and that they have the authority to institute foreclosure proceedings as the loan servicers.  (Banker Defs.' Mot. to Dismiss and Incorporated Mem. of Law ("Bank Defs.' Mem."), Dkt. [4] at 8-9.)

The Court agrees with Bank Defendants that Plaintiff has failed to state a claim under this Count.  First, no foreclosure sale, or even attempted foreclosure sale, is alleged by Plaintiff in her Complaint.  Consequently, there is nothing for the Court to set aside.  Second, the Security Deed expressly provides: "[Plaintiff] does hereby grant and convey to MERS (solely as nominee for [Defendant Countrywide] and [Defendant Countrywide]'s successors and assigns) and the successors and assigns of MERS, with the power of sale."  (Bank Defs.' Mem., Dkt. [4] Ex. A (Security Deed) at 3 of 21.) Further, the instrument states: "[Plaintiff] understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any

6

and all of those interests, including, but not limited to, the right to foreclose and sell the Property."[2] (Id.)

Accordingly, the Court finds that Bank Defendants have the authority, upon Plaintiff's default, to foreclose on the Property and Plaintiff's request to "set aside the foreclosure attempt" (Count I) is **DISMISSED**.

### B.    Attempted Wrongful Foreclosure (Count II)

In Count II, Plaintiff asserts a claim for attempted wrongful foreclosure. To state a claim for attempted wrongful foreclosure under Georgia law, a plaintiff must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Finance Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984).  In the Complaint, Plaintiff states that "Defendants falsely advertised the sale of [the Property]" and that "Defendants failed to advertise the sale of the property for four consecutive weeks pursuant to O.C.G.A. § 44-14-162."  (Compl., Dkt. [1-1]

---

[2] Countrywide's assignment of the Security Deed to The Bank of New York Mellon ("BONY") does not impact the analysis.  Although BONY became the new Lender, Bank Defendants remained servicers of the Security Deed with the authority to modify the loan and to initiate foreclosure on the Property on behalf of BONY.  (Id. Ex. D (Assignment of Security Deed) at 2 of 2.)

¶ 15.)  These statements do not show that Bank Defendants knowingly or

intentionally published any untrue or derogatory information concerning

Plaintiff's financial condition.  They also do not demonstrate that Plaintiff

suffered damages.  Therefore, Plaintiff has failed to state a plausible claim for

attempted wrongful foreclosure and Count II is **DISMISSED**.[3]

C.    Breach of Covenant or Agreement (Count III)

Count III is a breach of contract claim.  Plaintiff alleges Defendant BOA

"failed to honor the terms of the Security Deed."  (Compl., Dkt. [1-1] ¶ 41.)

Specifically, she alleges that Defendant BOA breached "paragraph 22[4] of the

non-uniform covenant," and as a result, Plaintiff is "being dispossessed from

---

[3] To the extent Plaintiff attempts to assert a claim for wrongful foreclosure, the Court finds that this claim also fails.  Under Georgia law, a party may not state a claim for wrongful foreclosure where no foreclosure sale has occurred.  Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2465-RWS, 2012 WL 4327052, at *1 (N.D. Ga. Sept. 14, 2012) ("Plaintiffs may not state a claim for wrongful foreclosure where no foreclosure sale has actually occurred."); Roper v. Parcel of Land, No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010) ("Because Defendants did not proceed with the foreclosure after Plaintiff filed the present action, Plaintiff cannot prove a claim for wrongful foreclosure.").  Plaintiff does not allege in her Complaint that a foreclosure sale of the Property has occurred.  (See gen. Compl., Dkt. [1-1].)  As a result, any claim for wrongful foreclosure fails.

[4] Paragraph 22 of the Security Deed provides: "Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument."  (Bank Defs.' Mem., Dkt. [4] Ex. A at 11 of 21.)

8

her [P]roperty." (<u>Id.</u> ¶¶ 41, 43, 45.)  Bank Defendants move to dismiss this claim on the grounds that Bank Defendants fully complied with all notices required under paragraph 22. (Bank Defs.' Mem., Dkt. [4] at 13, 15.)

Under Georgia law, once the existence of a contract is established, a plaintiff may only recover damages for breach of contract by demonstrating: (1) plaintiff's performance of the contract, (2) defendant's breach of the contract, and (3) the breach caused the plaintiff harm.  <u>Jones v. Central Builders Supply Co.</u>, 121 S.E.2d 633, 638 (Ga. 1961) (citations omitted).  Here, Plaintiff has not demonstrated how Bank Defendants breached paragraph 22 of the Security Deed.  Plaintiff appears to misinterpret paragraph 22 of the Security Deed to require Bank Defendants to accelerate the Security Deed in the event of Plaintiff's default. (Compl., Dkt. [1-1] ¶ 43.)  However, paragraph 22 of the Security Deed only requires Bank Defendants to give Plaintiff notice prior to acceleration. (Bank Defs.' Mem., Dkt. [4] Ex. A at 11 of 21.)  Defendants maintain that they provided the required notice and Plaintiff alleges no facts to dispute that contention.  Consequently, Plaintiff's claim for breach of contract fails.

AO 72A
(Rev.8/82)

Plaintiff also appears to raise a claim for breach of the covenant of good faith and fair dealing.  (Compl., Dkt. [1-1] ¶ 42.)  The Court finds that this claim also fails.  Under Georgia law, a plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing unless there is a breach of an express term of the contract.  <u>Morrell v. Wellstar Health Sys., Inc.</u>, 633 S.E.2d 68, 72 (Ga. Ct. App. 2006) ("Although each contract . . . contain[s] an implied covenant of good faith and fair dealing in the performance of the contract, there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract.").  Because Plaintiff has not alleged sufficient facts to show breach of any express contract terms, Plaintiff may not bring a claim based on the implied covenant of good faith and fair dealing.  Accordingly, Plaintiff's claim for "breach of covenant of agreement" (Count III) is **DISMISSED**.

> D.    <u>Negligent Servicing (Count IV)</u>

In Count IV, Plaintiff brings a claim for negligent servicing.  Plaintiff alleges that Defendant BOA "owed a duty to Plaintiff to avoid unreasonable risks of harm arising out of ordinary care to comply with standatd [sic], professional, and responsible practices relating to mortgage lending and

10

servicing."  (Compl., Dkt. [1-1] ¶ 48.)  Plaintiff also contends that Defendant

BOA negligently serviced the loan, but fails to include any facts regarding

Defendant BOA's alleged negligent conduct.  (Id. ¶ 49.)  Bank Defendants

move to dismiss this claim on grounds that they did not owe Plaintiff a duty

outside of the Security Deed and on that Plaintiff has not alleged sufficient facts

under Rule 8 pleading requirements to support this claim.  (Bank Defs.' Mem.,

Dkt. [4] at 16-17.)

Under Georgia law, "[a]bsent a legal duty beyond the contract, no action

in tort may lie upon an alleged breach of [a] contractual duty."  See Fielbon

Dev. Co., LLC v. Colony Bank of Houston Cty., 660 S.E.2d 801, 808 (Ga. Ct.

App. 2008) (internal citations omitted).  Additionally, the Court of Appeals of

Georgia has held that a borrower and its secured lender have no relationship

beyond that imposed by contract.  Commercial Bank & Trust Co. v. Buford,

243 S.E.2d 637, 638-39 (Ga. Ct. App. 1978) ("[T]he only relationship between

[borrower] and the bank was that which arose out of the note and security

deed.").  The Court agrees with Bank Defendants that Plaintiff has not

adequately stated a claim for negligent servicing.  Plaintiff has not alleged any

11

duty owed her by Defendants outside of the Security Deed.  Under Georgia law,

Plaintiff may not assert a tort claim based on an alleged breach of contract.

Furthermore, Plaintiff has not alleged any facts to support a negligent

servicing claim against Bank Defendants.  Absent any factual allegations, the

claim does not satisfy the requirements of Rule 8, <u>Twombly</u>, and <u>Iqbal</u>.

Therefore, Plaintiff's claim for negligent servicing fails and (Count IV) is

**DISMISSED**.

E.      <u>Fraud (Count V)</u>

Plaintiff likewise has failed to state a claim for fraud (Count V).  Under

Rule 9(b), a claim for fraud must be pled "with particularity."  Fed. R. Civ. P.

9(b).  To satisfy this requirement, a plaintiff must allege:

> (1) precisely what statements were made in what documents or oral
> representations or what omissions were made, and (2) the time and
> place of each such statement and the person responsible for making
> (or, in the case of omissions, not making) same, and (3) the content
> of such statements and the manner in which they misled plaintiff,
> and (4) what the defendants obtained as a consequence of the
> fraud.

<u>U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.</u>, 290 F.3d 1301, 1310 (11th Cir.

2002).  That is, to avoid dismissal, a complaint alleging fraud must plead the

"who, what, when, where and how" of the alleged fraud.  <u>Mathis v. Velsicol</u>

12

Chemical Corp., 786 F. Supp. 971, 976-77 (N.D. Ga. 1991).  In this case,

Plaintiff has failed to provide facts regarding the "who, what, when, where" or

"how" of the alleged fraud.  Accordingly, Plaintiff's claim for fraud (Count V)

is **DISMISSED**.

> F.     Compensatory Damages, Punitive Damages, and Attorneys Fees and Costs

Finally, Plaintiff seeks compensatory damages, punitive damages and

attorneys fees and costs in a section of the Complaint entitled "Allegations,

Violations, Claims and Fraud."  (Compl., Dkt. [1-1] ¶ 74.)  Because the Court

has dismissed each of Plaintiff's substantive causes of action, these prayers for

relief are also **DISMISSED.**

In this section of her Complaint, Plaintiff also appears to challenge Bank

Defendants' authority to foreclose  on the Property on the grounds that Bank

Defendants failed to produce the Note and that the "Note is 'split' from the

Security Deed."  (Compl., ¶ 74; see also id. ¶¶ 5-6 (claiming that Bank

Defendants "failed to produce an authenticated instrument, contract or rightful

possession of an instrument" to demonstrate they had standing to initiate a non-

judicial foreclosure sale).)  Bank Defendants contend, however, that these

arguments lack merit under Georgia law.  (Bank Defs.' Mem., Dkt. [4] at 20-21.)  The Court agrees with Defendants.

To the extent Plaintiff alleges that Bank Defendants must "produce the note" to have the right to foreclose, this claim fails.  See, e.g., Watkins v. Beneficial, HSBC Mortg., No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sept. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note"); Hill v. Saxon Mortg. Servs., Inc., No. 1:09-CV-1078-RLV, 2009 WL 2386057, at *1 (N.D. Ga. May 14, 2009) (rejecting plaintiff's demand that lender produce the original promissory note).  Accordingly, Plaintiff's "produce the note" argument is without merit.

With regard to Plaintiff's assertion that Bank Defendants do not have authority to initiate a non-judicial foreclosure because the Note had been "split" from the Security Deed, this claim also fails under Georgia law.  Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010) ("[T]he nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage."); see also LaCosta v. McCalla Raymer,

14

LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5 (N.D. Ga. Jan. 18, 2011) (citing Kennedy v. Gwinnett Commercial Bank, 270 S.E.2d 867, 870 (Ga. Ct. App. 1980)) ("In Georgia, a security deed should be construed in favor of allowing exercise of the power of sale.").  The Court of Appeals of Georgia has stated that "[i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies."  Kennedy, 270 S.E.2d at 870.  The Security Deed states that the Note is held by Defendant Countrywide, but nonetheless expressly grants Defendant MERS and its successors and assigns "with the power of sale."  (Bank Defs.' Mem., Dkt. [4] Ex. A (Security Deed) at 3 of 21.) Furthermore, Plaintiff, like the plaintiff in Lacosta, "fails to draw the Court's attention to any Georgia statute or decision interpreting Georgia law that precludes the holder of the security deed from proceeding with a foreclosure sale simply because it does not also possess the promissory note."  Lacosta, 2011 WL 166902, at *5.  Therefore, Plaintiff's "splitting of the deed" claim also fails.

15

In sum, Plaintiff has failed to state any plausible claim for relief against Bank Defendants.  Therefore, Bank Defendants' Motion to Dismiss [4] is **GRANTED**.

### III.    Defendant Barrett Daffin's Motion to Dismiss [12]

Defendant Barrett Daffin moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to allege *any* facts to support a claim against it.  (Barrett Daffin's Br. in Supp. of Mot. to Dismiss, Dkt. [12-1] at 1, 6-9.)  Plaintiff has failed to file a response, and therefore the motion is deemed unopposed.  <u>See</u> LR 7.1B ("Failure to file a response shall indicate there is no opposition to the motion.").  Having reviewed the Complaint, the Court agrees that Plaintiff has failed to allege any facts pertaining to Defendant Barrett Daffin and therefore, under the pleading standards of Rule 8, <u>Twombly</u>, and <u>Iqbal</u>, Plaintiff has failed to state a claim for relief against this Defendant.  Consequently, Defendant Barrett Daffin's Motion to Dismiss [12] is **GRANTED**.

### Conclusion

In accordance with the foregoing, Bank Defendants' Motion to Dismiss [4] and Defendant Barrett Daffin's Motion to Dismiss [12] are **GRANTED**.

16

**SO ORDERED**, this  19th   day of March, 2013.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)